# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **PHILLIP HARRIS,** | ) |
| **Plaintiff,** | ) |
| v. | ) Case No.: 1:08-CV-466-VEH |
| **HOMECOMINGS FINANCIAL, LLC, and GMAC, LLC,** | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION

Before the court is the Motion of the Plaintiff, Phillip Harris ("Plaintiff"), to Remand this action to the Circuit Court of Talladega County, Alabama, filed on March 28, 2008. (doc. 8). For the reasons explained, the motion is due to be **GRANTED**.

## I.      FACTUAL AND PROCEDURAL HISTORY

This action was initiated in the Circuit Court of Talladega County on February 1, 2008. (doc. 1, exh. A). In his Complaint, Plaintiff alleges that the Defendants, Homecomings Financial, LLC, and GMAC, LLC ("Defendants"), have improperly withheld payment of $14,298.07 from Plaintiff for services rendered in the repair of a house. (Id., ¶¶ 14, 21-22, 26). Plaintiff asserts various State law claims against the

Defendants, including fraud and breach of contract. (Id. ¶¶ 27-101).

Plaintiff is a citizen of Alabama. (Id., ¶ 1). Defendants are Delaware corporations that conduct business in the State of Alabama. (Id., ¶¶ 2-3).

Plaintiff did not specify an amount of damages in his complaint. (Id., pg. 25). On March 14, 2008, Defendant Homecomings Financial removed the action to this court, asserting the court's jurisdiction pursuant to diversity of citizenship, 28 U.S.C. § 1332.[1] (doc. 1). Thereafter, the parties communicated regarding the amount in controversy, upon which Plaintiff refused to stipulate to a specific amount of damages he would seek. (doc. 10, exh. A (letter to counsel dated April 8, 2008)).

In their Removal Notice, Defendants argue that Plaintiff refuses to stipulate that he will seek less than $75,000.00 in damages and, therefore, the amount in controversy requirement under 28 U.S.C. § 1332 is satisfied.

On March 28, 2008, Plaintiff filed the pending Motion to Remand, in which he argues that the amount in controversy requirement is not, in fact, satisfied and that this court lacks subject matter jurisdiction over his claims. (doc. 8). Pursuant to the

---

[1] 28 U.S.C. § 1332 provides, in relevant part:

The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--

  (1) citizens of different States.

2

court's Scheduling Order of March 28, 2008 (doc. 9), the parties have filed responsive briefs. (docs. 10, 11). The Motion to Remand is now under submission and subject to the court's review.

**II.    ANALYSIS**

28 U.S.C. § 1446(b) provides that a defendant may remove an action from State court to federal court within 30 days of receiving from the plaintiff "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. . . ."

In the Notice of Removal, Defendants do not assert that they have received from Plaintiff any "paper" from which it may be ascertained that the case is removable. Instead, Defendants remark that Plaintiff's Complaint does not indicate that the case is "not removable" because it does not specify damages. (doc. 1, ¶ 11). Defendants then conclusorily aver that "it is clear that if the allegations in the Complaint are proven, the amount-in-controversy requirement of $75,000 would be satisfied." (Id.). Defendants offer no other basis for satisfying the amount in controversy.

In *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1208 (11th Cir. 2007), the Eleventh Circuit instructed that "[i]n the removal context where damages are unspecified, the removing party bears the burden of establishing the jurisdictional

amount by a preponderance of the evidence."[2] The documents that purportedly establish the amount in controversy "must contain an <u>unambiguous</u> statement that <u>clearly</u> establishes federal jurisdiction." *Id*., 483 F.3d at 1214 n. 63 (emphasis added). In the event that no such "unambiguous statement" is present, a district court must remand the action back to State court. *Id.*, 483 F.3d at 1211. The court may not first compel the defendant to conduct discovery into the amount in controversy, nor may the court engage in such discovery *sua sponte*. *Id*., 483 F.3d at 1216.

Defendants have not demonstrated that Plaintiff's refusal to stipulate to an amount of damages <u>unambiguously</u> establishes the amount in controversy as required by *Lowery*. In essence, Defendants urge the court to speculate that, because Plaintiff seeks compensatory and punitive damages, including damages for mental anguish, the amount in controversy requirement is "clearly" satisfied. This is precisely the type of speculation the Eleventh Circuit repudiated in *Lowery*:

> [U]nder [28 U.S.C.] § 1446(b), in assessing the propriety of removal, the court considers the document received by the defendant from the plaintiff-be it the initial complaint or a later received paper-and determines whether that document and the notice of removal unambiguously establish federal jurisdiction. [ ] <u>If that evidence is</u>

---

[2] The court agrees with Defendants that it is their burden to prove by a preponderance of the evidence that the jurisdictional minimum is satisfied. Plaintiff incorrectly argues that Defendants must carry this burden "to a legal certainty." The "legal certainty" standard applies only where the plaintiff has specified an amount of damages in the underlying state court complaint and that amount is below $75,000. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

> insufficient to establish that removal was proper or that jurisdiction was present, neither the defendants nor the court may speculate in an attempt to make up for the notice's failings.

483 F.3d at 1214-15, citing *Lindsey v. Ala. Tel. Co.*, 576 F.2d 593, 595 (5th Cir.1978) (emphasis added).

Despite the obvious lack of evidence on this point, Defendants aver that the court should find the requisite amount in controversy by looking to damage awards in similar cases decided by other courts. The court declines to do so, as the Eleventh Circuit has explained that

> the facts regarding other cases tell us nothing about the value of the claims in this lawsuit. Even were we to look to evidence beyond that contained within the notice of removal, in the present dispute-with a record bereft of detail-we cannot possibly ascertain how similar the current action is to those the defendants cite. Absent specific detail about the present action, the supplement in no way clarifies the aggregate value of the claims here. The defendants, therefore, have failed to meet their burden.

*Lowery*, 483 F.3d at 1221.[3]

---

[3] Defendants cite to numerous cases in which district courts have considered damage awards in similar actions. In the face of controlling precedent, the court is neither bound nor persuaded by those cases.

Defendants also cite to *Bell v. Preferred Life Assur. Soc. of Montgomery, Ala.*, 320 U.S. 238, 240, 64 S.Ct. 5, 6, 88 L.Ed. 15 (1943) for the proposition that the court should consider all claims for damages, including punitive damages and damages for mental anguish, in answering whether the amount in controversy is satisfactory. The court in *Bell* stated that these damages must be considered "to the extent claimed," and did not provide the court with authority to speculate on what that extent might be. *Id.* Again, considering the clear mandate of the Eleventh Circuit against such speculation, the court will not indulge Defendants' request that it do so.

Because Defendants offer no further basis to satisfy the amount in controversy requirement, the court cannot determine that it has subject matter jurisdiction under *Lowery*.  Therefore, Plaintiff's Motion to Remand this action to the Circuit Court of Talladega County is due to be **GRANTED**.  A separate Order will be entered.

**DONE** this the 9th day of June, 2008.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge